**JOSHUA J. JONES**
California Bar No. 259538
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Joshua_Jones@fd.org

Attorneys for Mr. Daniel Chovan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE NITA L. STORMES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 10MJ1262-NLS |
| Plaintiff, ) | DATE: April 22, 2010 |
| ) | TIME: 3:00 P.M. |
| v. ) | |
| DANIEL EDWARD CHOVAN, ) | STATEMENT OF FACTS AND |
| ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS[1]**

**A.    History of the Case**

Mr. Chovan was arrested on April 17, 2010 and charged with possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence. On April 19, 2010, Mr. Chovan appeared before this Court for his initial appearance. At that time, Mr. Chovan was informed of the charge against him and the Government moved to detain him. The government's motion was based upon the allegation that Mr. Chovan is a flight risk as well as a danger to the community. The Court set a detention hearing for April 22 at 3:00 p.m.

---

1. Some of the following is based upon information in the affidavit supporting the complaint. Mr. Chovan does not concede the accuracy of that information and only provides it for context and convenience

**A.     Arrest**

On April 15, 2010, federal agents executed a search warrant at Mr. Chovan's residence in Dulzura, California. During the execution of this search warrant Mr. Chovan directed the agents to where they could find three firearms: (1) a Baldwin Company Limited -- New Orleans, LA 16-Gauge Shotgun, which was mounted on the wall; (2) a Savage Arms Single Shot .22 Caliber Rifle; and (3) a Winchester 12-Gauge Shotgun. The agents seized the firearms, but did not arrest Mr. Chovan. The following day agents returned and arrested Mr. Chovan.

**B.     Prior Crime of Domestic Violence**

Mr. Chovan's only previous conviction and the alleged predicate for the instant offense is a misdemeanor conviction for domestic violence form 1996. For that conviction, Mr. Chovan received 120 days in custody. The alleged victim in that case was Mrs. Chovan. The two married later in 1996 and have two children together. However, he and his wife are now estranged.

**II.**

**THE GOVERNMENT'S MOTION TO DETAIN SHOULD BE DENIED**

The government moved to detain Mr. Chovan on two bases: risk of flight and dangerousness. Due to the nature of these charges, the Court cannot detain Mr. Chovan on dangerousness grounds. Due to Mr. Chovan's strong ties to the community, work history, and 43 years of residence in the San Diego area, Mr. Chovan is not a risk of flight.

In *United States v. Twine*, the Ninth Circuit held that 18 U.S.C. § 3142 does not authorize detention on the basis of dangerousness unless one of the six circumstances listed in (f)(1) and (2) is present. 344 F.3d 987, 987 (9th Cir. 2003). In that same case, the Ninth Circuit held that possession of a firearm is not a crime of violence and could not provide the requisite circumstance under subsection (f) to support detention based upon dangerousness. *Id.* at 988; *See also United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992) (Even "a defendant who clearly may pose a danger to society cannot be detained on that basis alone."). Accordingly, the only possible basis for detention is risk of flight.

There is no indication that Mr. Chovan poses a flight risk. He was born and raised in San Diego. He graduated from mission bay high school. He has two adult children that live in the San Diego area. His parents, who have agreed to be sureties on his behalf, have lived in San Diego for more than 40 years. They

have lived in the same home for more than twenty years. Mr. Chovan has a positive work history; for the last 5-6 years he has worked as a welder. Most recently, he worked at Corky's Welding in El Cajon until he was laid off in December of 2009. He has a sister in Salton Sea and his grandmother lives in Claremont.

If released on bond, Mr. Chovan would reside with his mother and father who would also be the sureties for his bond. His parent's are longstanding members of the community with deep ties. His father was in the Navy for 22 years. It is also of note that he was sentenced to 3 years of probation back in 1996 and he successfully completed that term without incident. Additionally, should Mr. Chovan plead guilty or be found guilty, he would not be looking at a long sentence. Due to his lack of criminal history, he would be in criminal history category I. Without any adjustments whatsoever, the low-end of his guideline range would be 12 months.

### III.

### CONCLUSION

Given all of the foregoing, Mr. Chovan requests that this Court set a personal appearance bond in the amount of $10,000 to be secured by the signatures of his parents. Mr. Chovan is willing to abide by any additional conditions the Court may deem appropriate.

Respectfully submitted,

Dated: April 21, 2010

*s/ Joshua J. Jones*
**JOSHUA J. JONES**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Chovan
Joshua_Jones@fd.org