LAURA E. DUFFY
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California State Bar No. 250301
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5220
caroline.han@usdoj.gov

Attorneys for Respondent
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10CR1805-JAH |
| Plaintiff, | |
| v. | **GOVERNMENT'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT 1 OF THE INDICTMENT AS VIOLATION OF DEFENDANT'S SECOND AMENDMENT RIGHTS** |
| DANIEL EDWARD CHOVAN, | |
| Defendant. | Date:  July 19, 2010<br>Time:  10:30 a.m.<br>Court: The Hon. John A. Houston |

COMES NOW the UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Caroline P. Han, Assistant United States Attorney, and respectfully submits its Supplemental Briefing in Opposition to Defendant's Motion to Dismiss Count One as a Violation of Defendant's Second Amendment Rights.

1   As an initial matter, the Government renews all of its previous arguments as set forth in its
2  initial response in opposition to the defendant's motion to dismiss Count One of the indictment.
3  However, the Government is seeking to supplement that response with this briefing in light of the
4  affidavit that the Defendant has filed.

## I

## STATEMENT OF FACTS

The United States incorporates by reference the statement of facts set forth in its response and opposition filed on June 14, 2010.

## II

## REGARDLESS OF DEFENDANT'S PURPORTED REASON FOR POSSESSING FIREARMS, § 922(g)(9) IS A PRESUMPTIVELY LAWFUL REGULATORY MEASURE

The defendant has filed a declaration stating that the primary purpose for which he keeps firearms is for self-defense, and has perhaps done so in an attempt to situate himself with the petitioner in Heller. 128 S.Ct. 2783 (2008).

Regardless of the reason for which the defendant possesses a firearm, his misdemeanor crime of domestic violence conviction does not make him similarly situated to the petitioner in Heller. Id. at 2788.  As has been previously described, the petitioner in Heller was a special police officer in the District of Columbia, who applied to register a handgun that he wished to keep in his home for self-defense and who had no criminal record.  Id.   Given this information, the petitioner in Heller had no derogatory information to tarnish his claim.  Despite that, the Heller court noted that "the right secured by the Second Amendment is not unlimited," and clearly stated that presumptively lawful regulatory measures which were "longstanding" restrictions on the core Second Amendment right were exceptions to its holding. Id. at 2816-2817.  As such, by claiming that he possessed firearms in self- defense, the defendant is in the exact same position that he was when he initially filed his motion and the United States' responded to his motion.  That is, it makes no difference why the defendant possessed the firearms, strict scrutiny cannot apply because of the Supreme Court's acknowledgment of the exceptions to a person's Second Amendment rights.

In addition, just today, the Supreme Court again noted those exceptions, lending further

credence that the Court's comments in Heller were not just dicta.  See United States v. Vongxay, 594 F.3d 1111, 1116 (9th Cir. 2010).  In McDonald v. Chicago, the Court held that the Fourteenth Amendment "incorporates the Second Amendment right recognized in Heller." 2010 U.S. LEXIS 5523 at *87 (June 28, 2010).  Despite its holding, the Court further noted,

> It is important to keep in mind that Heller, while striking down a law that prohibited the possession of handguns in the home, recognized that the right to keep and bear arms is not 'a right to keep and carry any weapon whatsoever in any manner whatsover and for whatever purpose.  We made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill,' 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.'  We repeat those assurances here.  Despite municipal respondents' doomsday proclamations, incorporation does not imperil every law regulating firearms.

Id. at *78-79 (internal citations omitted).

**1.    § 922(g)(9) is akin to the restriction placed on possession of firearms by felons**

As the Supreme Court stated, its decision in Heller, as well as its application of the Second Amendment rights to the states, does not "imperil" every statute regulating the possession of firearms, including § 922(g)(9).  As the United States has argued, § 922(g)(9) is a presumptively lawful regulatory measure in that it is as longstanding at the restrictions on felon in possession and there is historical support for restrictions on the civil rights of misdemeanants.  For example, jurors in England, could be excluded for misdemeanor crimes. 3 BLACKSTONE 363-64.  In addition, in America, regulations on those who could perform jury service focused on an individual's character and morality, including lawfulness, but no distinction was made between felonies and other crimes. Brian Kalt, *The Exclusions of Felons From Jury Service*, 53 Amer. U. L. R. 65, 178-79 & n.544 (2003) (noting that "[a]t around 1800, statutory limits on jury service per se were rare and that "most states required that jurors be 'judicious' or 'of fair character,' or exhibit some other criterion of moral quality").  In addition, with respect to the right to vote, restrictions on voting could result from conduct that did not even result in a criminal conviction, much less a felony conviction. CORTLAND F. BISHOP, HISTORY OF ELECTIONS IN THE AMERICAN COLONIES 53-56, 219-25 (1893); see generally Alec Ewald, *"Civil Death": The Ideological Paradox of Criminal Disenfranchisement Law in the United States*, 2002 Wis. L. Rev. 1045, 1060-63 (2002); see also Conn. Const. Art. 6 § 2 (1818)

1 (requiring "good moral character" to vote).

2      In addition, while states' constitutions specified crimes that would result in the loss of a person's civil rights, those crimes were not required to be felonies. <u>See</u>, <u>e.g.</u>, Conn. Const. Art. 6 § 3 (1818) ("bribery, forgery, perjury, duelling, fraudulent bankruptcy, theft or other offense which an infamous punishment is inflicted"); Laws of Connecticut (Book1), Title LIII at 241 (dueling); Title CLX, Ch. I at 647 (theft); Title CLXXVI, Ch. I at § 13 (theft) (1808); <u>see also</u> Laws of Connecticut (Book 2) at 207 (1818). In addition, people could also lose their right to vote for any "infamous crime," a phrase that did not necessarily require that the crime be a felony. <u>United States v. Barefield</u>, 23 F. 136, 137 (D. Tex. 1885); (at common law, "infamous crimes" included "treason, felony, and the crimen falsi"); <u>United States v. Block</u>, 24 F. Cas. 1174, 1174-75 (D. Or. 1877) (perjury, conspiracies, and other infamous crimes, were only misdemeanors at common law"); ALEXANDER KEYSSAR, THE RIGHT TO VOTE (2000) (Table A.7).

     Based on this, there is no evidence to support the contention that only felons have a longstanding history of being disarmed. However, even if such evidence existed, the evidence would not be dispositive as the Supreme Court has rejected a similar claim in the Fourth Amendment context. In <u>Tennessee v. Garner</u>, 471 U.S. 1 (1985), the Court held that the use of deadly force to apprehend an apparently unarmed and non-dangerous fleeing suspect was a "seizure." In so holding, the Court did not adopt the common law distinction between felons and misdemeanants who flee, finding that "today the distinction is minor and often arbitrary." <u>Id.</u> at 12-15. In addition, the Court also described as "untenable" "the assumption that a 'felon' is more dangerous than a misdemeanant," noting that "numerous misdemeanors involve conduct more dangerous than many felonies." <u>Ibid</u>. As such, there is no reasonable basis for concluding that the "presumption" of lawfulness afforded to laws that disarm felons should not be extended to a narrowly defined category of violent misdemeanants as well.

     Defendant has not cited a single reason why the presumptively lawful regulatory test should not be applied to § 922(g)(9), and his claim that he possesses guns for self defense does not change the analysis under this test. For these reasons, his claim should be denied.

**2.     Strict scrutiny does not apply**

Because § 922(g)(9) is a lawful regulatory measure and the Supreme Court has noted that limitations to a person's Second Amendment rights exist, strict scrutiny cannot apply to the defendant's claim, as has been previously discussed in the Government's earlier response to the defendant's motion.

As the undersigned stated in last hearing for this case, it is the United States' position that intermediate scrutiny should apply to the defendant's case. However, the United States will forego a discussion of that analysis until this court requests additional briefing on the matter.

### III.

### CONCLUSION

For the foregoing reasons, the Government requests that the Court deny the defendant's motions, except where unopposed, and grant the Government's motion for reciprocal discovery.

DATED: June 28, 2010

>                     Respectfully submitted,
>                     LAURA E. DUFFY
>                     United States Attorney
>
>                     /s/ *Caroline P. Han*
>                     CAROLINE P. HAN
>                     Assistant United States Attorney
>                     Attorneys for Plaintiff
>                     United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>DANIEL EDWARD CHOVAN,<br>　　　　　　　　　　　Defendant. | Criminal Case No. 10CR1805-JAH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **Supplemental Briefing in Opposition to Defendant's Motions to Dismiss Count One as a Violation of Defendant's Second Amendment Rights** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

　　Joshua J. Jones
　　*Attorney for the defendant*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:
　　None
the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2010

　　　　　　　　　　　　　　　　　　　　/s/ *Caroline P. Han*
　　　　　　　　　　　　　　　　　　　　CAROLINE P. HAN