**JOSHUA J. JONES**
California Bar No. 259538
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Joshua_Jones@fd.org

Attorneys for Mr. Daniel Chovan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 10CR1805-JAH |
| Plaintiff, | DATE: March 21, 2011 |
| | TIME: 8:30 a.m. |
| v. | |
| **DANIEL EDWARD CHOVAN**, | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

**A.    History of the Case**

Mr. Chovan was arrested on April 17, 2010 and charged with possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence. On April 19, 2010, Mr. Chovan appeared before the Honorable Nita L. Stormes for his initial appearance. On May 12, 2010, the Grand Jury returned a two-count Indictment charging Mr. Chovan with being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(9) and with making a false statement in acquisition of a firearm in violation of 18 U.S.C. § 924(d). There is also a criminal forfeiture allegation under 28 U.S.C. § 2461(c). On November 9th, 2010, Mr. Chovan entered a conditional guilty plea, which allowed him to appeal the substantive motions to dismiss in this case. Sentencing is set for March 21st at 8:30 a.m.

**II.**

**MOTION FOR BOND PENDING APPEAL**

Pursuant to 18 U.S.C 3143(b), this Court may grant Mr. Chovan bond pending appeal if it finds that Mr. Chovan "is not likely to flee or pose a danger to the safety of any other person or the community," and that Mr. Chovan's appeal "raises a substantial question of law or fact likely to result in" reversal or an order for a new trial. In *United States v. Handy*, the Ninth Circuit explained the findings necessary for bond pending appeal:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;

(2) that the appeal is not for the purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

761 F.2d 1279, 1283 (9th Cir. 1985).

This Court should grant Mr. Chovan bond pending appeal because he does not pose a flight risk or a danger and because his case presents an interesting and substantial question of law that, if decided in his favor, would result in reversal. Mr. Chovan has been on bond in this case since April 22, 2010. During that time he has found gainful employment and has had no violations of his conditions of pre-trial release. The sureties on his bond are his parents who have been very active in his case and are in regular contact with Mr. Chovan. These facts demonstrate that Mr. Chovan is not a flight risk or a danger.

While Mr. Chovan understands and respects this Court's resolution of the substantive motions filed in this case, he believes that they do raise substantial questions of law. When Congress enacted 18 U.S.C. 1343, it "did not intend to limit bail pending appeal to cases in which the defendant can demonstrate at the outset of appellate proceedings that the appeal will probably result in reversal." *Id.* at 1280. Indeed, "requiring the defendant to [do so] is tantamount to requiring the district court to certify that it believes its ruling to be erroneous." *Id.* Much less is required. This Court may grant bond pending appeal if it finds that the issues raised are "fairly debatable." *Handy*, 761 F.2d at 1283. The Ninth Circuit has held that a question may be substantial even where the judge granting bail would affirm on the merits of the appeal. In *Handy*,

the Ninth Circuit pointed to several scenarios where bond may be appropriate, several of which are present here:

(1) The question may be new and novel

(2) The question may present unique facts not plainly covered by the controlling precedents.

(3) The case may involve important questions concerning the scope and meaning of decisions of the Supreme Court.

(4) The application of well-settled principles to the facts of the instant case may raise issues that are fairly debatable.

*Id.* at 1281.

The Second Amendment and Equal Protection issues raised in Mr. Chovan's substantive motions are new and novel. As the Court is aware the Supreme Court's recent decisions in Heller and MacDonald worked a sea-change in Second Amendment Jurisprudence. The Court, for the first time, found that there is a fundamental individual right to bear arms in the home for self-defense. There have been myriad challenges to laws related to gun ownership in the wake of these decisions. Of particular note, are challenges to this particular statute 18 U.S.C. § 922(g)(9). 922(g)(9) raises particularly novel issues because it is not plainly excepted from the holding in Heller. 922(g)(9) infringes the gun ownership rights of people who have been convicted of only a misdemeanor offense. While Heller specifically references the continued validity of statutes prohibiting the possession of firearms by felons, it does not make any such proclamation with regard to misdemeanants.

In *United States v. Skoien*, the Seventh Circuit considered the constitutionality of 922(g)(9). 614 F.3d 638 (9th Cir. 2010). The Seventh Circuit ultimately affirmed Skoien's conviction, but it did so based on the specific facts of the case. The Seventh Circuit noted that "Skoien is poorly situated to contend that the statute creates a lifetime ban for someone who does not pose any risk of further offenses." *Id.* at 645. And, the Seventh Circuits point is well taken. Skoien was a recidivist domestic abuser. Additionally, he was still on probation for domestic violence when he was found with the firearms that resulted in his conviction. The Seventh Circuit explicitly reserved on the issue of whether "a misdemeanant who has been law abiding for an extended period must be allowed to carry guns again." That is precisely the issue presented in this case. Mr. Chovan's conviction was fourteen years old, and, most importantly, he had regained his right to bear

1  arms under the laws of the State of California. Notably, this Court relied on Skoien in denying Mr. Chovan's
2  motion to dismiss. This case presents unique facts that no Court has ever considered post-heller: Mr. Chovan
3  had regained his right to bear arms under state law and he had no criminal convictions in the last 14 years.
4      Other Circuits have noted the importance of this question. In *United States v. Chester*, 628 F.3d 673,
5  the Fourth Circuit, vacated a district court decision finding 922(g)(9) with instructions for the district court
6  to hold an evidentiary hearing where the government could attempt "to offer sufficient evidence to establish
7  a substantial relationship between § 922(g)(9) and an important governmental goal." So, it appear that the
8  Fourth Circuit would decide to reverse on the record of this case. This Court found that 922(g)(9) "is a
9  presumptively lawful prohibition and represents an exemption from the right to bear arms under the Second
10 Amendment as articulated in *Heller*." After all the Fourth Circuit in Chester found that "we are certainly not
11 able to say that the Second Amendment, as historically understood, did not apply to persons convicted of
12 domestic violence misdemeanors."
13     This case presents novel issues regarding the application of recent Supreme Court precedent and
14 involves facts that are particularly well suited to probe the proper interpretation of Second Amendment.
15 Reasonable minds could disagree over the proper resolution of these unique motions. Accordingly, it is
16 appropriate that Mr. Chovan be permitted to remain on bond pending appeal.

## VI.

## **CONCLUSION**

19     Mr. Chovan requests that this Court grant him bond pending appeal.

20     Respectfully submitted,

22 Dated: February 28, 2011

*s/ Joshua J. Jones*
**JOSHUA J. JONES**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Chovan
Joshua_Jones@fd.org