LAURA E. DUFFY
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California State Bar No. 250301
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5220
caroline.han@usdoj.gov

Attorneys for Respondent
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL EDWARD CHOVAN, <br><br> Defendant. | Case No. 10CR1805-JAH <br><br> **RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR BAIL PENDING APPEAL** <br><br> Date: March 21, 2011 <br> Time: 8:30 am <br> Court: The Hon. John A. Houston |

COMES NOW the UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Caroline P. Han, Assistant United States Attorney, and respectfully submits the following Response and Opposition to Defendant's Motion for Bail Pending Appeal.

//
//
//
//
//
//
//
//
//

The United States incorporates by reference the statement of facts set forth in its response and opposition filed on June 14, 2010 and in its sentencing memorandum filed on March 8, 2011.

**I**

**DEFENDANT HAS NOT DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE THAT HE SHOULD BE ON BOND PENDING APPEAL**

18 U.S.C. 3143(b) addresses instances in which defendants are seeking to remain on bond pending appeal. It provides:

> ...the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> 1. (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (I) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

By the language of the statute, it is clear that a court allowing someone to remain on bond pending appeal is the exception to the rule that defendants who have been found guilty and been sentenced to a term of imprisonment shall be detained. 18 U.S.C. 3143(b). This position reflects Congress' intent to restrict the standards applied to defendants seeking to remain on bond pending appeal. United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). In addition to being the exception to the rule, it is the defendant's burden to demonstrate by clear and convincing evidence that he or she meets the qualifications set forth by the statute. Id.

A.   The defendant is likely to flee or pose a danger to the safety of any other person or the community if released.

The defendant's motion seems to indicate that he has been a model citizen while on bond while on pre-trial release. However, the information proffered by the defendant regarding his lack of violations while on pre-trial is accurate in name only. While out on bond on the instant case, the defendant had contact with law enforcement authorities on three occasions. Based on the

information available to the Government, on January 11, 2011, the defendant and his girlfriend stole some clothing from a Salvation Army store in Santee, California. Store employees called police, and the police allowed the defendant and his girlfriend to go once they produced the items they had stolen. In addition, on February 23, 2011, he was given a warning for a seatbelt violation. [See Government Ex. 1.] While admittedly, the seatbelt violation is a very minor incident, it is notable that the defendant had another seatbelt violation while on pretrial release that is still pending. [PSR 4.] None of these incidents are directly relevant to the likelihood that he will flee, but should be considered in that they speak to the defendant's ability to follow the Court's orders in that he has repeatedly demonstrated that he cannot abide by a condition of his pre-trial release that he not commit any crime while on release. [Docket No. 11]

The issue of whether or not the defendant could pose a danger to another person or the community if allowed to remain on bond must be addressed in light of the violence he has exhibited in the past as exemplified by his domestic violence conviction and the March 2010 call to the Sheriff's Department that led to the execution of the search warrant. While Cheryl Chovan, the defendant's wife, was the same victim in both instances, his acts of violence should not be minimized simply because they arose out of his domestic relationship. In fact, out of fear of retribution, Ms. Chovan relocated shortly after the defendant was arrested. It does bode well for the defendant that to our knowledge, he has not engaged in additional acts of violence, but he has not met his burden of demonstrating by clear and convincing evidence that he would not be a risk of flight or a danger to a particular person or the community.

B. The appeal raises a substantial question of law or fact likely to result in reversal.

A "substantial question is one that is fairly debatable. In short, a substantial question is one of more substance than would be necessary to a finding that it was not frivolous." Handy, 761 F.2d at 1283. (citations omitted). The Government concedes that the issues that the defendant is to raise on appeal are not frivolous, but does not concede that the issues are "fairly debatable," a higher showing.

The defendant argues that District of Columbia v. Heller, 128 S. Ct. 2783 (2008) began a sea of change in Second Amendment jurisprudence. While Heller has caused several criminal statutes

prohibiting the possession of a firearm to be reviewed in light of Heller, time and again, the statutes have been found to be constitutional. United States v. Vongxay, 594 F.3d 1111 (9th Cir. 2010) (holding that 18 U.S.C. § 922(g)(1) does not violate Second Amendment even after Heller); United States v. Gilbert, 2008 WL 2740453, at *2 (9th Cir. 2008) (unpublished) ("Under Heller, individuals still do not have the right to possess machine guns or short-barreled rifles, as Gilbert did, and convicted felons, such as Gilbert, do not have the right to possess any firearms."); United States v. White, 593 F.3d 1199 (11th Cir. 2010) (denying a motion to dismiss a charge of 18 U.S.C. § 922(g)(9) post Heller); United States v. Bonner, 2008 WL 4369316 (N.D. Cal. 2008); United States v. Kilgore, 2008 WL 4058020 (W.D. Wis. 2008); United States v. LePage, 2008 WL 4058523 (W.D. Wis. 2008); United States v. Booker, 570 F. Supp. 2d 161 (D. Me. 2008) (denying a motion to dismiss a charge of 18 U.S.C. § 922(g)(9) in light of Heller.

In addition, the Heller court specifically stated that "we identify these presumptively lawful regulatory measures only as examples," not as an exhaustive list. Heller I, 128 S. Ct. at 2817 n.26. Thus, like other constitutional rights, the individual right protected by the Second Amendment is not absolute, but is subject to appropriate restrictions. In addition, in June 2010, the Supreme Court in McDonald v. Chicago, held that the Fourteenth Amendment "incorporates the Second Amendment right recognized in Heller." 2010 U.S. LEXIS 5523 at *87 (June 28, 2010). Despite its holding, the Court further noted,

> It is important to keep in mind that Heller, while striking down a law that prohibited the possession of handguns in the home, recognized that the right to keep and bear arms is not 'a right to keep and carry any weapon whatsoever in any manner whatsover and for whatever purpose. We made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill,' 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.' We repeat those assurances here. Despite municipal respondents' doomsday proclamations, incorporation does not imperil every law regulating firearms.

Id. at *78-79 (internal citations omitted).

Given that the Supreme Court has clarified the existence of the "longstanding regulatory measure" regime is not just dicta, the defendant is left to distinguish himself with the defendant in United States v. Skoien, 614 F.3d 638 (7th Cir. 2010). The defendant alleges that he is one of those

law abiding misdemeanants for whom the Seventh Circuit reserved as to whether or not the prohibitions set forth in 18 U.S.C. 922(g)(9) were constitutional. <u>Id</u>. at 645. In fact, as described in the Government's sentencing memorandum, it is clear that the defendant has not been entirely law abiding. This is evidenced by his false statement on the ATF Form 4473 in which he denied even having the domestic violence conviction and his conduct that led Ms. Chovan to call the police in March 2010, as well as his conduct discussed above while on pre-trial release. The defendant also cites to <u>United States v. Chester</u>, 628 F.3d 673 (4th Cir. 2010). He argues that the Fourth Circuit would reverse the instant case, but in fact, the Fourth Circuit simply remanded for additional evidence on the link between the government's interest and the prohibition. In that the United States has raised the lawful regulatory measure arguments, as well as the historical arguments, at the trial court level, it is not clear that the Fourth Circuit or the Ninth Circuit would reverse the defendant's conviction. As such, based on the evidence provided by the defendant in support of his motion, he has failed to meet his burden of proving by clear and convincing evidence that the issues he will raise on appeal are "fairly debatable." The Court should thus order him detained pending appeal pursuant to 18 U.S.C. 3143(b).

## II
### **CONCLUSION**

For the foregoing reasons, the Government requests that the Court deny the defendant's motion.

DATED: March 8, 2011

                                                Respectfully submitted,
                                                LAURA E. DUFFY
                                                United States Attorney
                                                /s/ *Caroline P. Han*
                                                CAROLINE P. HAN
                                                Assistant United States Attorney
                                                Attorneys for Plaintiff
                                                United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>     v.<br>DANIEL EDWARD CHOVAN,<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>) | Criminal Case No. 10CR1805-JAH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR BAIL PENDING APPEAL** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

    Joshua J. Jones
    *Attorney for the defendant*

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:
    None
the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2011

                                            /s/ *Caroline P. Han*
                                            CAROLINE P. HAN