☜AO 245B    (Rev. 9/00) Judgment in a Criminal Case
            Sheet 1

FILED
2011 MAR 23  AM 9:03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
Daniel Edward Chovan

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 10-cr-01805-JAH-1

Joshua J. Jones  Federal Defenders
Defendant's Attorney

**REGISTRATION NO.** 19524298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s)   count one of the two-count indictment.
☐ was found guilty on count(s) _____
    after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18:922(g)(9) & 924(a)(2) | Prohibited Person in Possession of a firearm | 1 |

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s)  remaining                     is ☒ are ☐ dismissed on the motion of the United States.

☒ Assessment : $100.00.     X  Property Forfeited pursuant to order filed 1/19/11, included herein.
☒ Fine ordered waived

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

March 21, 2011
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

10-cr-01805-JAH-1

AO 245D (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 4— Probation

Judgment—Page __2__ of __3__

DEFENDANT: Daniel Edward Chovan
CASE NUMBER: 10-cr-01805-JAH-1

## PROBATION

The defendant is hereby sentenced to probation for a term of : Five years.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer pursuant to 18 USC 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

10-cr-01805-JAH-1

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
               Sheet 3 — Continued 2 — Supervised Release

Judgment—Page  3  of  3 

DEFENDANT: Daniel Edward Chovan
CASE NUMBER: 10-cr-01805-JAH-1

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☒ Not associate with the "Border Patrol Group" (NSM).

☐ Not reenter the United States illegally.

☒ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☒ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Participate in a mental health treatment program as directed by the probation office.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within     days.

☐ Complete     hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of    , except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☒ Comply with the conditions of the Home Confinement Program for a period of twelve months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer. (GPS Active).

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

10-cr-01805-JAH-1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 10cr1805-JAH |
| Plaintiff, ) | PRELIMINARY ORDER |
| ) | OF CRIMINAL FORFEITURE |
| v. ) | |
| DANIEL CHOVAN, ) | |
| Defendant. ) | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant pursuant to 18 U.S.C. §924(d), 26 U.S.C. § 5872, and 28 U.S.C. §2461(c), as properties involved in the commission of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2) as charged in the Indictment; and

WHEREAS, on or about December 8, 2010, the plea of the above-named Defendant, DANIEL CHOVAN ("Defendant"), was accepted by the U.S. District Court, and which plea included consent to the criminal forfeiture allegation pursuant to Titles 18, 26, and 28, as set forth in the Indictment; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, 18 U.S.C. §924(d), 26 U.S.C. § 5872, and 28 U.S.C. §2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

1  WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court, namely:

(a) a Winchester 12 gauge shotgun bearing serial number C974628; (b) a Savage Arms .22 caliber rifle; (c) a High Standard MPG .22 caliber handgun bearing serial number 2254942; (d) a Baldwin & Company Limited 20 gauge shotgun; and (e) 532 rounds of assorted ammunition; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of the Defendant in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(a) a Winchester 12 gauge shotgun bearing serial number C974628; (b) a Savage Arms .22 caliber rifle; (c) a High Standard MPG .22 caliber handgun bearing serial number 2254942; (d) a Baldwin & Company Limited 20 gauge shotgun; and (e) 532 rounds of assorted ammunition.

2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of FBI's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with

//

| | |
|---|---|
| 1 | the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, |
| 2 | whichever is earlier. |
| 3 | 5.  This notice shall state that the petition shall be for a hearing to adjudicate the |
| 4 | validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under |
| 5 | penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest |
| 6 | in the forfeited properties and any additional facts supporting the petitioner's claim and the |
| 7 | relief sought. |
| 8 | 6.  The United States may also, to the extent practicable, provide direct written notice |
| 9 | to any person known to have alleged an interest in the properties that are the subject of the |
| 10 | Preliminary Order of Criminal Forfeiture. |
| 11 | 7.  Upon adjudication of all third-party interests, this Court will enter an |
| 12 | Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be |
| 13 | addressed. |
| 14 | DATED: January 19, 2011 |

JOHN A. HOUSTON
United States District Judge